Harris WISE, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 16247.

United States Court of Appeals Fifth Circuit.

Feb. 21, 1957.

Julian Hartridge, Savannah, Ga., for appellant.

Joseph B. Bergen, Asst. U. S. Atty., Savannah, Ga., William C. Calhoun, U. S. Atty., Augusta, Ga., for appellee.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

In this appeal from a judgment of conviction on two counts of a liquor indictment the appellant complains that there was no evidence which warranted the trial court's submission of the case to the jury or the jury's verdict of guilty.

Tried on an indictment of fifteen counts with four other defendants, appellant was acquitted on the conspiracy count upon direction of the court, but found guilty of possessing and of transporting 50 gallons of nontaxpaid whiskey.

The Government's proof was that one Raymond Scott was transporting the whiskey in question and that appellant was in close proximity to Scott under such circumstances as warranted the jury's finding that he was the owner who was convoying the cargo of Scott's car. These circumstances, viewed in the light most strongly favorable to the prosecution, as must be the case on such an attack as is here made, are not sufficient to raise more than a suspicion that Wise was either in possession of or transporting the whiskey.

The sum total of the evidence against him which would in any way connect him with Scott was: Wise was seen at a certain boat landing at the end of an unpaved road in company with one Hancock, against whom there had been introduced considerable evidence in support of the conspiracy count and other substantive counts; that Hancock picked up a half filled gasoline can, put it in a boat and the two men departed; a short while later they returned to the landing (there is no evidence as to where they had been); they took out of the boat two empty five gallon gasoline cans; the two officers who had watched this transaction had searched the boat and found "several" grains of rye, and on the ground in the mud they found "about 25 or 30 grains" of rye; the officers then went back towards the highway and as they reached it appellant passed them going towards the road; they waited and in about fifteen or twenty minutes appellant returned, followed by a 1940 Ford driven by an otherwise unidentified driver; the agents then left and some thirty minutes later they saw the 1940 Ford in another part of town with Harris Wise following it; they pursued the two cars which accelerated their speed to "70 or 75. We didn't clock their speed. That is an estimate." At an intersection the Ford went to the right and Wise continued; they caught the Ford driven by Scott with the 50 gallons of whiskey.

As will appear from this recitation of facts, there is no evidence pointing to any identification of Wise with Scott or the 1940 Ford except that at approximately 7:35 P.M. he headed down the

road towards the boat landing with the Ford following him, and at 8:10 P.M. he was seen several miles away following the same car. It is not shown that there was any cache of whiskey near the boat landing nor that, if there was, Wise had any interest in it. He was seen twice in close proximity to a car found on the second occasion to be carrying nontax-paid whiskey. This is all of the Government's case, since the presence of Wise with another person at the boat landing where there were a few grains of rye proves nothing relevant to the issue here. This is not enough evidence to permit the jury's finding that Wise was in fact in possession of the whiskey. Of course, one who "convoys" a liquor car can be guilty as a possessor or transporter, United States v. One 1952 Lincoln Sedan, 5 Cir., 213 F.2d 786, but the proof of such convoying must be something more than the presence of the two automobiles in close proximity to each other on the road even when coupled with acceleration of speed. It is not even shown here that Wise knew that he was being pursued. The only witness to this phase of the business merely said, "We pursued them and they accelerated their speed." Then he gave his estimate of the speed.

■ Certainly it can be guessed that for Wise to have been seen with one man, Hancock, who was otherwise proven to have been mixed up with illegal whiskey and later to have been seen twice near the 1940 Ford found on the second occasion to have a load of whiskey indicates that he may have taken the driver of the Ford somewhere to get a load of whiskey, and that he later accompanied him at its delivery, but "circumstances which merely raise suspicion or give room for conjecture are not sufficient evidence of guilt." Kassin v. United States, 5 Cir., 87 F.2d 183, 184.

The fact that this trial was part of one in which five men were on trial for conspiracy and much evidence relating to the actions of others was heard by the trial court doubtless made it difficult for the trial judge to free his mind entirely of the evidence relating to other defendants after he had directed a dismissal of the conspiracy count and disposed of the cases of the other defendants on the substantive counts. This makes it all the more necessary for us to analyze carefully the evidence introduced as against this one accused. Such evidence simply does not permit the jury to draw a reasonable inference of guilt under the properly given charge of the court on circumstantial evidence, and the appellant's motion for a directed verdict of acquittal should have been granted. In view, however, of appellant's filing his motion for new trial it appears that it is now appropriate to remand the case for new trial rather than render judgment of acquittal.

The judgment of the trial court is reversed and the case remanded for new trial.