**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald Barnes BRADLEY and Franklin**
**DeWayne Calvert, Defendants-**
**Appellants.**

**Nos. 18808, 18963.**

United States Court of Appeals,
Sixth Circuit.

Jan. 20, 1970.

Joseph R. Huddleston (Court-appointed) Bowling Green, Ky., for Donald Barnes Bradley; Huddleston & Huddleston, Bowling Green, Ky., on brief.

John David Cole (Court-appointed) Bowling Green, Ky., for Franklin DeWayne Calvert.

Ernest W. Rivers, U. S. Atty., Louisville, Ky., for appellee.

Before O'SULLIVAN, McCREE and COMBS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Appellant Donald Barnes Bradley was indicted and charged with bank robbery in violation of 18 U.S.C. § 2113(b), (Count 1). Appellant Franklin DeWayne Calvert was indicted and charged with aiding and abetting the robbery in violation of 18 U.S.C. §§ 2113(b) and 2(a), (Count 2). Both men were further charged with conspiracy to rob the bank in violation of 18 U.S.C. § 371, (Count 3). They were convicted on all counts at jury trial in the United States District Court for the Western District of Kentucky on December 8, 1967. Both men appeal on the ground that the evidence was insufficient to sustain their convictions. The appeals were consolidated for hearing in this Court.

The Bank of Edmonson County at Brownsville, Kentucky, was robbed during the night of May 14–15, 1967. In the early morning of May 15, a 1963 Oldsmobile bearing Kentucky license plates J49–483, was observed near the bank. This car had been stolen in Louisville on April 10, 1967. The license plates had been taken from a car which had been sold to a junk yard in Louisville. Appellant Calvert had previously worked at the junk yard. The police discovered this car on May 17 at the residence of a Bernice Baggett near Radcliff, Kentucky —some sixty-five miles from Brownsville. It was impounded and searched. Contents of the car's trunk included a crowbar, cutting tips, acetylene tank, and a piece of green garden hose. The hose matched a piece of hose found in the bank following the robbery. Paint and tar on some of the other tools matched that found in the bank. The cutting tips were purchased by Calvert on April 27 and May 1 at a store in Clarksville, Indiana. A jury could readily conclude that the equipment found in the trunk of the car had been employed to accomplish the robbery of the Brownsville bank. The witness Baggett testified that appellant Bradley had visited her house some four or five times prior to May 15. She said that she had never seen him drive the Oldsmobile but that it was always in her yard when he was present at her house. In the late afternoon of May 15—the robbery occurred in the early hours of that day—she observed Bradley sitting in the Oldsmobile. He was not at the witness Baggett's house when the car was impounded on May 17, but was apprehended the following day at a trailer park three miles from the house.

About the middle of April, 1967, appellant Calvert was living in a house in Louisville, Kentucky. The Oldsmobile automobile hereinabove referred to was seen in the driveway of Calvert's then place of residence on several occasions. On one occasion, the Oldsmobile was driven into this driveway. The driver handed out gloves to Calvert and some others who, after putting on the gloves, transferred a heavy suitcase, sledge hammers, an axe and some bright objects (the cutting tips) to the trunk of the Oldsmobile, all quite obviously later used in the bank robbery. The witness who saw this operation also had seen some gas cylinders—acetylene torch equipment—unloaded at the Calvert premises. The witness did not identify Bradley as one of the participants in these activities. Neither did he negative Bradley's presence.

The defense offered two witnesses who said they saw two men in Brownsville around the time of the robbery who were apparently trying to use a public telephone on the main street; that one of these said that his car, the Oldsmobile, was out of gas. The witnesses said that neither of these men were Bradley or Calvert.

Calvert took the stand and by his own testimony, and that of his brother, sought to establish that he could not have been in Brownsville at the time of the robbery. Bradley did not take the stand.

We affirm the judgments of conviction.

1) Bradley's conviction of robbery.

Bradley was convicted of the actual perpetration of the robbery. He asserts that the evidence was not sufficient to warrant the submission of his guilt to the jury. The evidence of his guilt was circumstantial. In total, it showed that several days prior to the robbery he, apparently alone, had possession of the Oldsmobile automobile which was used in the bank robbery. On several dates earlier, this same vehicle had been loaded with equipment useful in bank robbery. The evidence showed that crowbars had been used in gaining entrance to the bank and that access to a night depository, from which money was taken, was effected by using acetylene torches. These and like equipment had been loaded into the trunk of a car that was in Bradley's possession after the loading of such equipment, and on the same day as the robbery he continued possession of the car which was found to contain ma-

terials and equipment which had been used in the particular robbery in question. We believe that this was sufficient evidence from which a jury could be permitted to find Bradley guilty beyond a reasonable doubt.

■ In testing this question, the evidence is to be viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1941); United States v. Decker, 304 F.2d 702, 705 (6th Cir. 1962). No one saw Bradley at the scene or participating in the charged crime. However, while mere suspicion, or even a sophisticated guess, are insufficient, United States v. Dunn, 299 F. 2d 548 (6th Cir. 1962); United States v. Grimes, 332 F.2d 1014, 1017 (6th Cir. 1964), the strong circumstances here are, in our view, of sufficient cogency to sustain the verdict. The jury was instructed as follows:

> "Circumstantial evidence alone must be of such force as to exclude every hypothesis of innocence. If it but creates a suspicion of guilt, it does not meet the test of the rule on reasonable doubt which I have heretofore given you and the defendant or defendants should be found not guilty. Circumstantial evidence alone without any direct and positive proof is sufficient to justify a verdict of guilty if it reasonably imports the guilt of the accused and is so unequivocable and incriminating as to exclude every hypothesis of innocence. When circumstantial evidence is of a character sufficient to remove from the mind of each juror every reasonable doubt of the guilt of the accused, it is sufficient to justify a verdict of guilty."

Such is not the rule of general application, Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150 (1954), nor the rule of this Circuit, United States v. Burkeen, 350 F.2d 261 (6th Cir. 1965); United States v. Grimes, 332 F.2d 1014 (6th Cir. 1964). In *Holland,* the Supreme Court said:

> "Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. *If the jury is convinced beyond a reasonable doubt, we can require no more."* 348 U.S. at 140, 75 S.Ct. at 137–138. (Emphasis supplied.)

A jury, after an instruction that was more stringent in defining the prosecution's burden than is currently required, came to the conclusion that Bradley was guilty beyond a reasonable doubt. An experienced District Judge was of the view that there was evidence to justify such verdict. We will not disturb it.

■ In addition to the circumstantial evidence which we find justified the fact finder in concluding that Bradley was the one who entered and robbed the bank, there was clear evidence that in all events he aided and abetted the crime with which he was charged. Therefore, under 18 U.S.C. § 2, evidence that he was an aider and abetter was sufficient to sustain the verdict finding him guilty of the charged offense. In Nassif v. United States, 370 F.2d 147 (1966) the Eighth Circuit said:

> "It is claimed that there was a variance between the indictment on Count II and the actual proof. The indictment charged Schmadebeck with the actual participation in the theft. The court, however, charged the jury that Schmadebeck could be found guilty in aiding and abetting the crime under Tit. 18, U.S.C. § 2. Defendant claims this was error to do so. We disagree. An aider and abettor may be indicted directly with the commission of the substantive crime and the charge may be supported by the proof that he only aided and abetted in its commission. Jin Fuey Moy v. United States, 254

U.S. 189, 41 S.Ct. 98, 65 L.Ed. 214, Madigan v. United States, 8 Cir., 23 F.2d 180, Mays v. United States, 8 Cir., 261 F.2d 662. See also Nye and Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919." 370 F.2d at 155.

This was approved in Theriault v. United States, 401 F.2d 79, 85 (8th Cir. 1968), cert. denied, 393 U.S. 1100, 89 S.Ct. 898, 21 L.Ed.2d 792. In United States v. Ramsey, 374 F.2d 192 (2d Cir. 1967), the Court quoted with approval the following from United States v. Russo, 284 F.2d 539 as follows:

"One indicted as a principal may be convicted on evidence showing that he merely aided and abetted." 284 F.2d at 540.

See also United States v. Lester, 363 F.2d 68, 72 (6th Cir. 1966); United States v. Francisco, 410 F.2d 1283, 1290 (8th Cir. 1969).

### 2) Calvert's conviction for aiding and abetting.

The government contends that the evidence shows that appellant Calvert aided and abetted the robbery, violating Section 2113(b) U.S.C.A. Title 18. There was evidence that he placed burglar tools in the Oldsmobile observed at the scene of the crime; the Oldsmobile's license plates came from a junk yard where he had previously been employed; and he had purchased the cutting tips used in the robbery and these were found in the Oldsmobile. We think that this evidence was sufficient to convict Calvert as an aider and abettor, under the standard set forth in Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 769–770, 93 L.Ed. 919, 925 (1949):

"In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.' L. Hand, J., in United States v. Peoni, (CCA 2d NY) 2 Cir., 100 F.2d 401, 402."

That standard has been followed by this Court in United States v. Luxenberg, 374 F.2d 241, 249 (1967), and United States v. Milby, 400 F.2d 702, 706 (1968).

No direct evidence of actual communication between the aider and abettor and the principal need be introduced. Morei v. United States, 127 F.2d 827, 830, (6th Cir. 1942); White v. United States, 366 F.2d 474, 476 (10th Cir. 1966). The aider and abettor may be convicted although there was no proof that he entered the bank. Pinkney v. United States, 380 F.2d 882, 885 (5th Cir. 1967), cert. denied, 390 U.S. 908, 88 S.Ct. 831, 19 L.Ed.2d 876 (1968).

We affirm appellant Calvert's conviction as an aider and abettor of the robbery.

### 3) Conspiracy convictions.

Bradley and Calvert were both charged in Count 3, and were convicted of violating 18 U.S.C. § 371, which reads:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."

The commission of a substantive offense and a conspiracy to commit it are separate and distinct crimes, and a plea of double jeopardy does not arise on a conviction for both. Pinkerton v. United States, 328 U.S. 640, 643, 644, 66 S.Ct. 1180, 90 L.Ed. 1489; Pereira v. United States, 347 U.S. 1, 11, 74 S.Ct. 358, 98 L.Ed. 435 (1953); Callanan v. United States, 364 U.S. 587, 590, 81 S.Ct. 321, 5 L.Ed.2d 312 (1960). Neither does a conviction for a substantive offense in any way merge a conspiracy charge into the substantive crime. Callanan v. United States, *supra,* 364 U.S. at 587, 81 S.Ct. 321. In *Pereira, supra,* 347 U.S., at 11, 74 S.Ct. 358, the Court specifically held that aiding and abetting, under the facts of that case, was a separate crime

from conspiring. We can find no meaningful distinction in the facts presented here.

The jury found that Bradley robbed the bank, aided and abetted by Calvert. We have affirmed the jury's verdict in this regard. Quite obviously, the successful prosecution of this criminal business was the product of some communication and agreement between the defendants. In criminal law this is called conspiracy. It is not for us to question the policy which prompted the prosecution to add the conspiracy count, nor the decision of the District Judge to make the sentences imposed for conspiracy consecutive to those given for the substantive offenses.

Affirmed.