56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Frank "Jimmy" BROUSSARD, Defendant-Appellant.
 No. 92-5443.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1995.
 
 1
 Before: JONES and NORRIS, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 James Frank Broussard, a pro se federal prisoner, appeals a district court judgment denying his motion to correct his illegal sentences filed pursuant to Fed. R. Crim. P. 35(a). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In January 1985, Broussard was convicted of armed robbery in violation of 18 U.S.C. Sec. 1951, interstate transportation of stolen securities and money, in violation of 18 U.S.C. Sec. 2314, and conspiracy to commit interstate transportation of the stolen items, in violation of 18 U.S.C. Sec. 371. He received, respectively, sentences of twenty, ten, and five years of imprisonment, to run consecutively. A panel of this court affirmed Broussard's convictions on appeal. United States v. Broussard, Case No. 85-5086 (6th Cir. Oct. 8, 1987).
 
 
 4
 In his motion to correct his alleged illegal sentences, Broussard argued that the imposition of separate and consecutive sentences for these offenses violates the Double Jeopardy Clause. The district court denied the motion as without merit and dismissed the case. Broussard has filed a timely appeal, reasserting his same claims. The appeal was originally dismissed as untimely, and was reinstated over a year later.
 
 
 5
 Initially, we note that Broussard committed his crimes prior to November 1, 1987. Thus, he is permitted to file a Fed. R. Crim. P. 35 motion to correct his sentences under former Fed. R. Crim. P. 35.
 
 
 6
 Upon review, we affirm the district court's judgment as it did not abuse its discretion when it denied Broussard's Rule 35 motion. See United States v. Brummett, 786 F.2d 720, 722-23 (6th Cir. 1986).
 
 
 7
 Broussard's sentences do not violate the Double Jeopardy Clause, see Brown v. Ohio, 432 U.S. 161, 165 (1977) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)), as it is clear from the statutory language that Congress authorized multiple punishments. See United States v. Hebeka, 25 F.3d 287, 295 & n.5 (6th Cir. 1994); United States v. Johnson, 22 F.3d 106, 107-09 & n.3 (6th Cir. 1994). Section 1951 provides in pertinent part that whoever violates that section by way of robbery, or attempts or conspires to do so shall be fined not more than $10,000 or imprisoned not more than twenty years or both. Section 2314 provides in pertinent part that whoever violates that section shall be fined not more than $10,000 or imprisoned not more than ten years or both. Finally, section 371 provides in pertinent part than whoever violates that section shall be fined not more than $10,000 or imprisoned not more than five years or both. In addition, the Blockburger test is likewise satisfied as a review of Secs. 1951 and 2314 reflect that each offense contains an element that is not contained in the other, and thus they are not the same offense and multiple punishments are authorized. See Blockburger v. United States, 284 U.S. 299, 304 (1932); see also United States v. Dixon, 113 S. Ct. 2849, 2856 (1993). Section 1951 requires proof that a defendant has interfered with commerce by threats or violence by robbery or extortion, whereas Sec. 2314 requires proof that a defendant knew that the items being transported were stolen and that the items be valued at $5000 or more.
 
 
 8
 Broussard's sentence for the conspiracy violation likewise does not violate the Double Jeopardy Clause as a substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes. United States v. Felix, 112 S. Ct. 1377, 1385 (1992); see also United States v. Fife, 573 F.2d 369, 372-73 (6th Cir. 1976) (conspiracy to travel interstate in order to commit arson does not merge with substantive offense of interstate travel to commit arson), cert. denied, 430 U.S. 933 (1977); United States v. Bradley, 421 F.2d 924, 927-28 (6th Cir. 1970) (defendant may be convicted of and punished for both conspiracy to commit bank robbery and bank robbery).
 
 
 9
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation