**UNITED STATES of America,
Plaintiff,**

v.

**Luigi LO BUE, Frances LoBue, also
known as Francesca Geni,
Defendants.**

United States District Court
S. D. New York.
Jan. 14, 1960.

S. Hazard Gillespie, Jr., U. S. Atty., S. D. New York, New York City, for the Government. John S. Clark, Asst. U. S. Atty., New York City, of counsel.

Samuel Altman, Gaspare Cusumano, New York City, for defendants.

HERLANDS, District Judge.

The question presented is: What evidence is sufficient to lay the foundation for the admissibility of a telephone conversation where the witness is unable to recognize the caller's or declarant's voice as that of the defendant?

The defendants Louis LoBue and Frances LoBue (also known as Francesca Geni) are charged with violating the general conspiracy statute (U.S.C.A., Title 18, § 371) and the substantive provisions of U.S.C.A. Title 8, § 1324(a) (3, 4). Upon the trial of this indictment,

the prosecution has called one Mrs. Lena Vicari as a witness.

Mrs. Vicari testified that in December of 1956 she received a telephone call from New York City at her home in Rochester. The caller spoke with a female voice. Defense counsel has objected to Mrs. Vicari's proposed testimony as to the telephone conversation upon the ground that she has not identified nor is she able to identify the voice at the other end of the telephone as that of the female co-defendant.

It appears that Mrs. Vicari never met the defendants, and that she cannot testify that she recognized the declarant's voice as that of the female co-defendant.

The Court has held a *voir dire* hearing out of the jury's presence on the question of the competency of the proposed testimony concerning the telephone conversation.

■ As a general rule, before evidence of a telephone conversation may be admitted into evidence, it is necessary to have the declarant's voice identified. This identification may be made on the basis of the witness' then existing familiarity with the declarant's voice, or on the basis of a subsequent conversation with the declarant and a retroactive recognition of the voice used in the antecedent conversation.

The requirement of direct recognition of the voice is not, however, an inexorable or mechanical rule. Circumstantial evidence may be sufficient to identify the speaker. Indeed, "The substance of the communication may itself be enough to make them prima facie proof." Van Riper v. United States, 2 Cir., 1926, 13 F.2d 961–968, per Judge Learned Hand.

■ Where the foundation proof consists of an aggregate of circumstances establishing that it was extremely remote or highly improbable that anyone other than the defendant was the declarant, there is sufficient proof of the defendant's identity as the speaker. Van Riper v. United States, supra, followed in Jarvis v. United States, 1 Cir., 1937, 90 F.2d 243, 245; Hartzell v. United States, 8

Cir., 1954, 72 F.2d 569, 578. See McCormick, Evidence (1954) 405, 406.

■ With the foregoing principle as a frame of reference, we now turn to the following facts as to which evidence was adduced upon the *voir dire* hearing held before the Court:

1. In the telephone call from New York City to the witness in Rochester around August 24, 1956, the female voice identified herself (the declarant) as "Francesca Geni".

2. The declarant gave the witness her address as 2464 Washington Avenue, Bronx, and her telephone number as CY 5–9563, which in fact were then the address and telephone number of the co-defendant Frances LoBue (also known as Francesca Geni).

3. In the conversation between the witness and the declarant, the declarant said that the witness' nephew, Pietro, was then at the declarant's home; that she was treating the nephew nicely; that, although she was then pregnant, she had given up her bed to Pietro and that she had slept on the floor; that she wanted $300 to be sent to her by Western Union money order; and that she would send Pietro upstate to his aunt, the witness.

4. Using the name and address given to the witness, about a week later and on August 31, 1956, the witness sent a Western Union money order to "Mrs. Francesca Gini" at "2464 Washn. Avenue, Bronx, New York" in the amount of $300. The Western Union money order receipt (Exhibit "4") contains the name "Mrs. Francesca Geni" and the aforementioned address and the amount of $300 under date of August 31, 1956.

5. The witness thereafter telephoned "Francesca Geni" at the telephone number theretofore given; told her that she had sent the $300; and that Francesca should let her know when she received it. The voice of "Francesca" in the second telephone conversation was the same as that of the declarant in the first telephone conversation.

6. Thereafter, "Francesca" called the witness in Rochester and acknowledged

having received the $300 money order. The voice in this third telephone conversation was the same as that in the preceding two telephone conversations.

7. Thereafter, the witness met her nephew Pietro in Buffalo at a certain woman's house. This Buffalo woman had apparently communicated with Pietro's aunt, the witness, who came to Buffalo to pick up Pietro. The Buffalo woman gave the witness "Francesca's" name, address and telephone number, which were the same as the name, address and telephone number previously given to the witness by "Francesca" over the telephone in the first of the conversations referred to above.

8. En route from Buffalo to Rochester, Pietro told the witness that he had been in "Francesca's" home and that he knew that "Francesca" had wanted the $300.

9. According to Exhibit "7", the birth certificate of the co-defendant's child, that child was born on December 30, 1956; and, hence, it was established that the female co-defendant was pregnant in August, 1956.

10. That the said co-defendant's maiden name was Francesca Geni is not disputed. This fact also appears on her marriage license application (Exhibit "2").

11. A representative of the New York Telephone Company testified that, during the billing period, August 21, 1956 to September 20, 1956, the telephone number referred to above was listed to "Mrs. F. Geni" at 2464 Washington Avenue, Bronx. The total of the bill for the period August 21, 1956 to September 20, 1956 was $33.54, of which $18.96 represented long distance toll calls.

The foregoing circumstances constitute prima facie evidence that the declarant was the co-defendant Frances Lo-Bue.

The Court will, therefore, permit the witness to testify as to the telephone conversation or conversations with the person who identified herself as "Francesca Geni".