**Joseph Dean HUMPHRIES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17081.**

United States Court of Appeals
Eighth Circuit.

Dec. 6, 1962.

378

Samuel Raban, St. Louis, Mo., for appellant.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee and D. Jeff Lance, U. S. Atty., St. Louis, Mo., on the brief.

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of conviction and sentence of imprisonment entered May 21, 1962, based upon a verdict of a jury finding defendant (appellant) guilty under the first count of an indictment charging him and co-defendant George Allen Owens with selling heroin in violation of 26 U.S.C. § 4705(a). In the indictment, the Grand Jury had charged Owens with two additional counts of narcotic violations. Before trial, Owens pleaded guilty to the charges and testified on behalf of the Government at the trial of appellant.

Appellant challenges the sufficiency of the indictment, contending that it is defective because it does not allege that appellant "participated" with Owens in the alleged unlawful sale; contends that there was a fatal variance between the indictment and the proof; alleges that the court erred in failing to sustain his motion for acquittal on the ground of entrapment; contends that the court erred in permitting Owens to testify that he had pleaded guilty to the charge and in failing to give a proper cautionary instruction to the jury regarding the effect of such plea on determining appellant's guilt; and asserts that the court placed prejudicial emphasis on the prosecution's theory of the case.

We find all of the contentions without merit. An allegation that two persons did a particular act sufficiently alleges participation by both without use of the word "participated." Rule 8(b), Fed.R.Crim.P. Since the indictment charged an illegal sale of narcotics by Owens and appellant, and the evidence clearly established that both participated in the transaction within the meaning of 26 U.S.C. § 4705(a), there was sufficient association of appellant with the sale to support a verdict of guilty. Mays v. United States, 8 Cir., 261 F.2d 662 (1958). No evidence appears in the record to substantiate appellant's claim of entrapment. The Government's disclosure of prior convictions of Owens and of his guilty plea in the instant case was material as to his credibility and tended to aid appellant's case rather than to unfairly hinder it. Indeed, appellant's counsel himself made several references during the trial to Owens' prior convictions and to his guilty plea in this case. Furthermore, the court was not requested to instruct upon the effect of the plea of guilty entered by Owens. Finally, the court placed no prejudicial emphasis on the prosecution's theory of the case.

We find that appellant had a fair and impartial trial. The appeal is dismissed as frivolous, mandate to issue forthwith.

Affirmed.