Joseph Dean **HUMPHRIES**, Appellant,

v.

**UNITED STATES of America,** Appellee.

No. 17521.

United States Court of Appeals Eighth Circuit.

March 13, 1964.

Joseph Dean Humphries, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VOGEL and MATTHES, Circuit Judges, and HARPER, District Judge.

PER CURIAM.

Appellant's judgment of conviction entered May 21, 1962, based upon a jury verdict finding him guilty on one count of violating 26 U.S.C.A. § 4705(a) was sustained by this court. Humphries v. United States, 8 Cir., 310 F.2d 377 (1962).

We now have before us an appeal by appellant from the order of the district court denying him relief under Rule 35, Fed.R.Crim.P., and under 28 U.S.C.A. § 2255.

The appeal is predicated upon the disparity between the sentence imposed upon George Allen Owens, a co-defendant, and that imposed upon appellant. Owens pleaded guilty on each of three offenses and received a 5-year sentence on each —the sentences to run concurrently. Appellant stood trial on only one of the offenses to which Owens had pleaded guilty, was found guilty, and received a 10-year sentence. Appellant asserts that because he received a greater sentence on one count than co-defendant Owens received on three counts, appellant has been deprived of his constitutional right to equal protection of the laws.

We find the contention utterly without merit. The sentence appellant received was within the limits of the statute, 26 U.S.C.A. § 7237. And in our examination of the motion, files and entire record, we find nothing which will permit appellant to successfully make a collateral attack on the judgment of conviction on the basis of his complaint that Owens received a more favorable sentence. United States v. Mann, 7 Cir., 108 F.2d 354 (1939). Compare also, Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).

The order appealed from is

Affirmed.