**UNITED STATES of America,
Appellee,**

v.

**Robert Charles ALFORD, Defendant-Appellant.**

**No. 322, Docket 30055.**

United States Court of Appeals
Second Circuit.

Argued Jan. 26, 1967.

Decided Feb. 14, 1967.

Joshua N. Koplovitz, New York City (Anthony F. Marra, New York City) (Bernard P. Becker, New York City, of counsel), for defendant-appellant.

Stephen F. Williams, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, John S. Allee, Asst. U. S. Atty., of counsel), for appellee.

Before MOORE and FRIENDLY, Circuit Judges, and BRYAN, District Judge.*

FRIENDLY, Circuit Judge:

A jury before Judge Herlands in the District Court for the Southern District of New York found appellant Alford guilty of two sales of narcotics in violation of 21 U.S.C. §§ 173 and 174. The Government's principal witness, an undercover agent of the Bureau of Narcotics, testified that an informant had introduced him to Alford on March 4, 1965, as a prospective purchaser of an ounce of heroin; that Alford named a price of $600 and refused to reduce this since his heroin was "the best stuff on the street"

* Of the Southern District of New York, sitting by designation.

and could be cut three to one; that the purchase was effected on these terms at the corner of Broadway and 158th Street; and that Alford, declining to give his phone number, told the agent to make arrangements through the informant when he wanted more. On March 12, with the agent listening in, the informant telephoned Alford from the Bureau of Narcotics and set up another meeting. When the agent appeared at the rendezvous Alford asked how he had liked his first purchase; the agent made the usual complaint; Alford refused a price reduction; and another ounce changed hands for $600, this time near the corner of 23rd Street and Second Avenue. The agent's testimony was corroborated to the extent possible by a surveilling agent in the Government's direct case and by the informant on rebuttal.

Alford gave a totally different version. He claimed that on March 4 one Patrick Gonzalez, an Air Force acquaintance,[1] arranged to pick him up in Gonzalez' car; that another person, identified only as Gonzalez' friend Rick, was riding in it; and that Gonzalez stopped at Broadway and 158th Street, pointed to a man across the street, and asked Alford to hand him a package in a brown paper bag. Alford handed the bag to the man who, of course, was the undercover agent, but he received no money and had no discussion about narcotics. His story as to the March 12 incident was generally similar; he added that on this occasion after his return to the car Gonzalez explained he was "running a little numbers" and the agent was his banker.

■ The sole point raised on appeal is this: Alford's counsel made what the parties have assumed to be an adequate request that the judge charge on the issue of entrapment; the judge declined to do so on the basis that the defense was not that the Government had improperly led Alford into committing what would otherwise have been a crime, see Sorrells

v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932), but that he had not committed a crime at all since he did not have the knowledge required by 21 U.S.C. §§ 173–174. Alford urges this to have been error, citing the debated decision in Hansford v. United States, 112 U.S.App.D.C. 359, 303 F.2d 219 (1962), that denial of the crime does not justify refusal of a charge on entrapment that would be required but for such denial. Whatever view this circuit may ultimately take as to the right of a defendant both to deny the transaction and "to urge that if the jury believed it did occur the the government's evidence as to how it occurred indicated entrapment," 303 F.2d at 221, see United States v. Bishop, 367 F.2d 806, 809 & n. 4 (2 Cir. 1966), the evidence must at least be such as would have entitled the defendant to a charge on entrapment except for the denial.

■ In United States v. Riley, 363 F. 2d 955 (2 Cir. 1966), we declined to hold that evidence of inducement alone called for an entrapment charge; we ruled that the defendant must do something more to raise the second issue in Judge Learned Hand's formulation of the entrapment defense, "was the accused ready and willing without persuasion and was he awaiting any propitious opportunity to commit the offense." United States v. Sherman, 200 F.2d 880, 882–883 (2 Cir. 1952). Appellant seizes on the letter of our phrasing in *Riley* that no entrapment instruction need be given where "uncontradicted proof" demonstrates this element but that it is called for by "the production of any evidence negating propensity." He says that here the proof was contradicted and there was negating evidence. However, the context of the *Riley* opinion makes clear that when we spoke of lack of contradiction and of negation, we referred not to a denial of an element which the statute requires for commission of the offense but to evidence that would raise the issue of the defendant's lack of willingness and readiness

---

1. It was later disclosed that Gonzalez worked on occasions as a narcotics informant, but the Government claimed he was not acting in that capacity in this case.

and thus tend to show the act to have been "the product of the creative activity" of Government officials. Sorrells v. United States, supra, 287 U.S. at 451, 53 S.Ct. at 216. See United States v. Riley, supra, 363 F.2d at 959. Such evidence was altogether lacking here. If the jury believed the Government's testimony, Alford was eager to make the sales; if it believed him, he never made them. Whatever the proper rule as to the effect of alleged inconsistency of defenses on the right to an entrapment charge may be, there was thus no occasion for one on Alford's trial.

Affirmed.