**UNITED STATES of America, Appellee,**

v.

**Joe RAMSEY, Appellant.**

**No. 235, Docket 30813.**

United States Court of Appeals Second Circuit.

Argued Dec. 6, 1966.

Decided March 10, 1967.

David A. Golas, Asst. U. S. Atty., New Haven, Conn. (Jon O. Newman, U. S. Atty., District of Connecticut, New Haven, Conn., on the brief), for appellee.

Donald C. Collimore, Fairfield, Conn., for appellant.

Before LUMBARD, Chief Judge, and HAYS and FEINBERG, Circuit Judges.

LUMBARD, Chief Judge:

Joseph Ramsey appeals from a three-count conviction in the District of Connecticut, entered May 16, 1966, which charged the possession and sale of illegally imported heroin in violation of 26 U.S.C. § 4704(a), 26 U.S.C. § 4705 (a), and 21 U.S.C. § 174, respectively. The evidence at the trial before Judge Blumenfeld and a jury concerned the involvement of Ramsey and one Norman Hardwick, charged as a co-defendant, in narcotics transactions on January 5, 11 and 14, 1966. At the conclusion of the two-day trial, the additional counts relating to the transactions of January 11 and 14 were dismissed, leaving only three counts, all arising out of the January 5, 1966 transaction, and of which the jury found appellant Ramsey guilty as charged. He was sentenced to five years' imprisonment each on counts 2 and 3, and two years on count 1, to run concurrently.

Ramsey contests the sufficiency of the evidence and, in addition, alleges reversible error in the trial judge's evidentiary rulings and in his charge to the jury. We find these contentions to be without merit and affirm the judgment below.

From the evidence at trial the jury could find that on January 5, 1966 agent Valentine met informant Theodore Allevo at the corner of Garden and Westland Streets in Hartford, and accompanied him to a nearby telephone booth. Allevo placed a call to a telephone number listed in the name of Virginia Ramsey, appellant's wife, and held the telephone receiver so that Valentine could listen to the conversation. Appellant Ramsey answered. Allevo asked Ramsey: "Do you have anything?" and Ramsey replied that he had some good "treys" ($3 packages of heroin at New York City prices), and told him to call back in fifteen minutes. Valentine monitored the second call in the same fashion as the first. This time Hardwick answered the telephone. Allevo asked if "Joe" had any "good stuff" and Hardwick replied: "Yes, he has got some good treys." Allevo asked to speak to Ramsey, and Ramsey came to the telephone. Allevo said he had a friend with him whom he wanted Ramsey to meet. Ramsey instructed Allevo to drive to Vine and Westland Streets, but told him to leave his friend (Valentine) in the car, and walk south on Vine Street. Allevo and Valentine did as requested. Within fifteen minutes a car, registered to Virginia Ramsey, pulled alongside of agent Valentine's car. Appellant Ramsey was driving; Hardwick was in the passenger seat. They looked Valentine over and then drove down Vine Street to where Allevo was standing. Allevo went over to the car window on Hardwick's side, and extended his arm to the window. He then returned to Valentine's car and handed Valentine two glassine envelopes containing heroin.

The prosecution relied primarily upon Valentine's testimony. Allevo had died prior to trial. Valentine's version of the events on January 5, 1966 was substantiated by agent Carey and Hartford police detective Bolden, who also observed the meeting from an unmarked car parked on Vine Street. On cross-examination

Ramsey admitted that there had been two phone calls, that he had conversed with Allevo on the second occasion, and that he drove the car, but he denied any knowledge of what he said had transpired solely between Hardwick and Allevo.

Other evidence was presented that Allevo and Valentine again contacted Ramsey by telephone on January 11, 1966, and that this time they were invited to his apartment. Ramsey took $24 for three envelopes, but because Valentine refused to use one of the envelopes in Ramsey's presence, Ramsey grew suspicious and took back the drugs and returned the money. Valentine further testified that another meeting was arranged on January 14, 1966, and that this time Ramsey agreed to meet him alone. He sold him one trey for $8. It was later discovered that the envelope contained a non-narcotic substitute.

Ramsey testified and denied the alleged meeting on January 14, 1966, and although he admitted that the meeting between the parties and the uncompleted sale had in fact taken place in his apartment on January 11, 1966, he claimed that he had obtained the narcotics only as a personal favor to Allevo, a long-time friend, who, he had been led to believe, was "sick" and in great need of them. He testified that when he learned that the drugs were for Valentine and not for Allevo, he took them back, since "that was not the agreement that I made with Allevo."

 There was ample evidence from which the jury could find either that Ramsey had been in possession of the heroin, or that he had control of it in the sale to Allevo on January 5, 1966. Constructive possession is all that need be shown, that is, that Ramsey had control over the narcotics in question, in order to support his conviction under 21 U.S.C. § 174, see United States v. Jones, 308 F.2d 26, 31–33 (2 Cir. 1962) (in banc). Valentine's testimony regarding the alleged telephone conversations between Allevo and Ramsey and Hardwick and the evidence of Ramsey's participa-

tion in the delivery of the heroin provided substantial evidence to support his conviction on all three counts.

 We need not consider Ramsey's claim of error in the admission of Valentine's testimony that the voice on the telephone on January 5 was that of Ramsey, as this was not objected to at trial nor did counsel request a charge as to this evidence, and as there was ample evidence to support its reliability, compare United States v. Moia, 251 F.2d 255, 257 (2 Cir. 1958); United States v. Johnson, 314 F.2d 49 (6 Cir. 1963); United States v. Lo Bue, 180 F.Supp. 955, 956 (S.D.N.Y.1960); also Cwach v. United States, 212 F.2d 520, 525 (8 Cir. 1954).

The principal claims of error relate to the alleged deficiencies in the trial judge's charge. A reading of the charge shows that the judge fairly discussed all the essential elements of each count and gave clear instructions to the jury regarding them. The trial judge first set forth the essence of each of the three counts contained in the indictment, emphasizing the separate nature of each count and describing the burden upon the government "to prove, beyond a reasonable doubt, all of the material elements of the crime charged in any one particular count in order to find the defendant guilty on that count." He then defined at length and with considerable care each of the three offenses and their essential elements, discussing § 174 and then each of the tax counts separately. He later qualified his original instructions by reading and explaining the "aider and abettor" statute, 18 U.S.C. § 2, and by giving the requested instructions on entrapment. Toward the end of the charge he again explained at length the government's burden to prove each and every element of each of the three counts beyond a reasonable doubt.

At the close of the charge and after the jury had retired, Ramsey's trial counsel took exception to the charge on entrapment, and raised for the first time two other matters, one concerning the need to mention the plea of guilty by

co-defendant Hardwick on count 2 prior to trial, the other concerning a matter not raised on appeal. No other exception was taken and the trial judge refused to give a supplemental instruction.

We do not agree with appellant that the trial judge committed plain error by giving the instruction he did on aiding and abetting. The charge was necessary and proper as the evidence showed Ramsey and Hardwick were acting together. "One indicted as a principal may be convicted on evidence showing that he merely aided and abetted." United States v. Russo, 284 F.2d 539, 540 n. 1 (2 Cir. 1960). The appellant also maintains that the relationship of the inference permitted by 21 U.S.C. § 174 and the aider and abettor statute was left unclear; he argues that under the instructions given the jury might have found him guilty on count 3 merely because he aided and abetted Hardwick, without also finding either that Ramsey knew the narcotics were illegally imported or that they were in his possession, actual or constructive. We disagree. If this were true, this would have placed upon Ramsey the burden of having to explain away the possession of another, see United States v. Jones, supra, 308 F.2d at 31–33. While we think that the jury might have been explicitly cautioned at the time that the instructions on aiding and abetting were given, we hold that the failure to charge in this regard, when no objection was made at trial, was not plain error. From a reading of the whole charge it is clear that the jury were fully instructed that they must find that Ramsey himself had actual possession or that he had control over the disposition of the heroin. Prior to the instruction on aiding and abetting, the element of possession had been defined at length for the jury, and they were made aware that sole possession by Hardwick would preclude them from invoking the statutory inference against Ramsey.[1]

Appellant's counsel also cites a number of alleged errors in the entrapment charge, one of which formed the basis of an exception and a request for a supplemental charge below. The trial judge denied the request since he had delivered the entrapment instruction just as counsel had prepared it and because he had "some reservations [about] whether you are entitled [to a charge on entrapment]. I don't think you can plead both not guilty and entrapment at the same time." We agree that Ramsey was not entitled to any charge of entrapment as there was no evidence upon which such a charge could be based. Having received more than he was entitled to, Ramsey cannot be heard to complain when the judge charged as he requested.

Ramsey took the stand and denied taking any part in the commission of the sale on January 5. His counsel failed to elicit any other evidence of a contradictory nature, either from Ramsey or agent Valentine on cross-examination, which would have raised an issue of appellant's lack of willingness and readiness to commit the offense charged. Under such circumstances it is clear that a charge of entrapment need not be given, United States v. Alford, 373 F.2d 508 (2 Cir., Feb. 14, 1967); United States v. Riley, 363 F.2d 955 (2 Cir. 1966).

There was no error in refusing to give appellant Ramsey a supplementary charge that Hardwick had pleaded guilty to count 2 prior to trial, as that request came too late. Appellant's counsel had the opportunity to bring Hard-

---

1. "Now the question is—at least one of the questions in this case—whether you are satisfied that the Government has proved, beyond a reasonable doubt, that Ramsey had possession, because I say there is nothing to show exactly who handed this package over or who got the money.

\* \* \* \* \*

"Now, of course, the mere fact that he [Ramsey] was nearby or even that he knew that Hardwick had it wouldn't constitute possession. He must have the power to control the custody and the disposition of the narcotic that was sold."

wick's guilty plea before the jury either during the trial or by requesting such an instruction prior to the charge, but he failed to do so, see Humphries v. United States, 310 F.2d 377, 378 (8 Cir. 1964). Since the matter was first called to the trial court's attention after the charge was concluded and since, as counsel properly conceded at the time of request, both defendants could be found guilty of the same sale, in violation of 26 U.S.C. § 4705(a), we find no error in the trial judge's refusal to give the supplemental instruction.

We do not agree with appellant's further claim that the trial judge's charge imposed on him the burden to rebut the inference permitted by 21 U.S. C. § 174, namely, that "possession of the narcotic drug * * * shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." The trial judge explicitly stated on numerous occasions that the government always had the burden of proving guilt beyond a reasonable doubt, and that the inference permitted by § 174 did not "impose upon the defendant the burden of producing proof that the narcotic drug was lawfully imported or any other evidence." The trial judge's subsequent statement that if the jury concluded that the defendant was in possession of the heroin they "could find that he had a duty to explain to your satisfaction how it came into his possession," substantially reiterated at a later point in the charge, was followed in each instance by the statement that failure to explain his possession satisfactorily would "permit" a finding of illegal importation under the statute. Here again counsel was content with the charge and took no exception at the trial.

The remainder of appellant's contentions are without merit. The court notes the able presentation of this appeal by Donald Collimore, Esq., who, although not trial counsel, accepted assignment on appeal, without benefit of the Criminal Justice Act.

Affirmed.