Harold **HANGER** and Gale Mixen, Petitioners,

v.

**UNITED STATES of America,** Respondent.

No. 69 C 336(2).

United States District Court E. D. Missouri, E. D.

Dec. 30, 1969.

See also 8 Cir., 398 F.2d 91.

Harold Hanger and Gale Mixen, pro se.

Daniel Bartlett, Jr., U.S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM

MEREDITH, District Judge.

This matter is pending on motion of petitioners to vacate judgment and sentence entered on June 16, 1967. This Court has jurisdiction under 28 U.S.C. § 2255.

The petitioners were tried in the first instance on November 29–30, 1966, for violation of bank robbery statute, 18 U. S.C. § 2113(a), and conspiracy to commit bank robbery, 18 U.S.C. § 371. Each defendant was given twenty years on the first count and five years on the second count to run concurrently. Thereafter, in the Court of Appeals petitioners filed a motion for a new trial on the ground of newly discovered evidence, which was referred to the trial court, and after hearing, a new trial was granted. Defendants were retried on June 12–13, 1967, and the same sentence was imposed again on June 16, 1967.

Petitioners cite as grounds for their motion to set aside the judgment and sentence: first, they were denied effective assistance of counsel; second, the evidence used by the Government was illegally seized; and third, their rights of a constitutional guaranty and statutory mandate for a fair trial were violated.

In their claim number one, they state their counsel failed to obtain the testi-

mony of one of the Government's principal witnesses, Marvin Edward Riley, before the Grand Jury, as authorized under Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). They further state that counsel failed to raise the issue of probable cause to issue the search warrant before the Court of Appeals. As supporting grounds for the inadequacy of the search warrant, they cite Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

Under three, petitioners allege that they were deprived of elemental fairness prior to trial and in order to establish their claims, they request appointment of additional counsel and a hearing on their allegations.

The sequence of events with relation to the bank robbery as set out in the affidavit for the search warrant are as follows: The Chippewa Trust Company was robbed at approximately 4:50 p.m., on April 8, 1966. Thereafter, the teller of the bank, Mrs. Julie Chappel, identified a photograph of Marvin Edward Riley, comparing her own recollection, the photographs taken by the bank's secret camera, and pictures shown her by the FBI. At the time the robbery was committed Riley was wearing a false mustache and horn rim glasses. He handed to the teller a hand-written note demanding money and threatening her life. Riley made a statement to the FBI in which he stated that he could not read or write, and that he went to the bank at 12:30 p.m. by himself on the date in question in a 1955 red-over-white Ford station wagon, and returned to the bank at approximately 5:00 p.m., handing the note to the teller, and that he had stolen a license plate for the car in question at the parking lot of the Records Center in the vicinity of 111 Winnebago. A police officer by the name of Sergeant Sheetz, who knows Riley and Hanger, saw them together at 1:30 p.m., on April 8th, in the station wagon in question, and at the time Riley was wearing a mustache. The police officer noted the license plate and confirmed that it had been stolen from a parking lot at 111 Winnebago between 7:30 a.m. and 4:30 p.m. on April 8, 1966.

On the basis of the above information contained in the search warrant, which was issued on April 14, 1966, the FBI obtained a search warrant to search 1419 and 1421 North Park, which are adjacent and adjoining apartments in St. Louis, Missouri, the residence of Hanger, and obtained bills with serial numbers stolen from the bank. Since the affidavit set out that Riley cannot read or write, the officers knew that he must have an accomplice. Since the police officers definitely identified Hanger and Riley together in the car, which was used in the robbery and with the stolen license plate stolen from the place described by Riley, at 1:30 p.m. on the date of the robbery and after Riley had been to the bank at 12:30, there was probable cause to search the residence of Hanger.

The obvious reason counsel for defendants did not raise this in the Court of Appeals is because there was no basis to raise the question of probable cause.

The attorneys for these defendants did raise several issues regarding the validity of the warrants on appeal. Hanger v. United States, 398 F.2d 91, 98–99 (8th Cir. 1968).

"* * * counsel is under no duty to brief every assignment of error * * * particularly where; as here, there is no prejudice in fact, and counsel's own experience and the precedents in this circuit indicate the point would not be sustained, * * *." Cardarella v. United States, 375 F.2d 222, 230 (8th Cir. 1967).

It is apparent that counsel on appeal urged the proper points. What he chose to brief and argue are matters of judgment, and this Court will not substitute its judgment.

Riley, in his statement to the FBI on April 13, 1966, did not implicate anyone else, and this statement was available to the defendants' attorneys at the first and the second trial. Riley was taken before the Court on April 22, 1966, with his attorney, and waived indictment. On May 2, 1966, on motion of Riley's attorney, he was sent to the Medical Center at Springfield, Missouri, for psychiatric examination. On August 12, 1966, after being found competent to stand trial, Riley pled guilty and was sentenced to the custody of the Attorney General under the provisions of 18 U.S. C. § 4208(b) for study and recommendation. On December 9, 1966, Riley was given a sentence of ten years under 18 U.S.C. § 4208(a) (2).

■■■ The original indictment was returned on September 14, 1966. Riley was taken before the Grand Jury on September 14, 1966, at which time he implicated defendants Meyer, Mixen, and Hanger. On November 29th and 30th, Riley testified giving substantially the same testimony he had given before the Grand Jury and being vigorously cross-examined by attorneys for defendants Hanger and Mixen on his FBI statement which did not implicate Hanger and Mixen. In addition thereto, defendants' attorneys had the statements of Riley given to psychiatrists at the Springfield Medical Center. The first statement to the psychiatrists was that he had copied the note from a detective magazine and implicated no one else. Riley's second statement to the psychiatrists was that he was urged into the crime by his associates. All of the psychiatric reports and the contradictory statements of Riley were in the possession of attorneys for Hanger and Mixen at the first and the second trials. In addition thereto, on the second trial they

had all of the testimony which Riley had given on the first trial. By the time of the second trial the Grand Jury testimony of Riley was really surplusage and of no value to these defendants' attorneys, since it would only tend to corroborate his testimony given at the first trial and was not contradictory. Effective assistance of counsel must be considered in the light of trial strategy and based on the lengthy record of two trials, counsel is not obliged to brief an appellate court's points which in his opinion would not be sustained by the upper courts, Churder v. United States, 294 F. Supp. 207 (E.D.Mo.1968), aff'd November 19, 1969, 8th Cir., 417 F.2d 633. It is the opinion of this Court that failure to discover the Grand Jury testimony of Riley cannot be said to be ineffective assistance of counsel. A charge of inadequate representation can prevail only if it can be said that what was or was not done by the defendant's attorney for his client made a mockery of justice shocking to the conscience of the court. Cardarella, supra, at 230. Counsel cross-examined Riley at length for impeachment purposes with prior inconsistent statements. The Grand Jury testimony was entirely consistent with his testimony at both the first and second trials. The Grand Jury testimony had no possible use and could have been of no benefit to the defendants. The lack of prejudice is apparent. Therefore, this allegation of ineffective assistance of counsel will be dismissed because it is without merit.

A review by this Court of the lengthy files and records in these cases in which defendants were given two trials does not disclose any reason for setting aside the sentence, having an evidentiary hearing, or appointing counsel to further process this matter. Accordingly, the cause will be dismissed.