**Harold HANGER and Gale Mixen, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 20133.**

United States Court of Appeals, Eighth Circuit.

June 25, 1970.

---

Harold Hanger and Gale Mixen filed brief and reply brief pro se.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., and James M. Gordon, Asst. U. S. Atty., filed brief for appellee.

Before MATTHES, HEANEY and BRIGHT, Circuit Judges.

HEANEY, Circuit Judge.

This is an appeal from a judgment of the Eastern District of Missouri denying without a hearing the § 2255 motion of the petitioners to vacate the judgment and sentences entered on June 16, 1967. We affirm.

The petitioners were convicted in the Eastern District of Missouri, in November, 1966, of bank robbery and conspiracy in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 371. A second trial was granted on the grounds of newly discovered evidence. In June of 1967, the petitioners were again convicted of bank robbery and conspiracy. The convictions were affirmed by this Court on direct appeal. Hanger v. United States, 398 F.2d 91 (8th Cir. 1968), cert. denied, 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124 (1969).

On this appeal, the petitioners allege: (1) that trial counsel's failure to obtain the grand jury minutes constituted inadequate assistance of counsel; (2) that there were insufficient facts in the affidavit presented to the United States Commissioner to constitute probable cause for the issuance of a search warrant; and (3) that the District Court erred in not holding an evidentiary hearing on the petitioners' § 2255 motion. We will discuss the petitioners' contentions seriatim.

I

Four persons were involved in the robbery of the Chippewa Trust Company of St. Louis on April 8, 1966: the petitioners; a third defendant, Loretta Meyer; and Marvin Riley. Riley confessed to his participation in the robbery, pled guilty to the charges against him in a separate trial, and became the principal witness for the government at both trials of the other three.

In his confession to the F.B.I. on April 13, 1966, Riley stated that he alone committed the robbery. On the motion of his attorney, Riley was sent to the Medical Center at Springfield, Missouri. His first statement to the psychiatrists there was that he had copied the robbery note from a detective magazine; he implicated no one else. Riley's second statement to the psychiatrists was that he was urged into the crime by his associates.

Before the grand jury on September 14, 1966, Riley implicated defendants Hanger, Mixen and Meyer. That same testimony was given by Riley at the first and second trials.

Riley's confession and the psychiatric reports were in the possession of Hanger and Mixen at the first two trials, and his testimony in the first trial was in their possession at the second trial.

On direct appeal to this Court the petitioners argued that the trial court erred in denying their motion to inspect the grand jury minutes. We rejected that contention, Hanger v. United States, *supra* at 95–98. The petitioners' present appeal appears to ask us to reconsider our former decision. We decline to do so.

The § 2255 petition may also be construed as arguing that trial counsel was inadequate for failing to request the grand jury minutes at the proper time.

The District Court, relying on Cardarella v. United States, 375 F.2d 222 (8th Cir. 1967), rejected this claim on the grounds that (1) the grand jury minutes would have served only as corroborative impeachment evidence; and (2) an error in trial tactics does not give rise to a charge of inadequate assistance of counsel.

In Cardarella v. United States, *supra* at 230, we stated:

"The rule applicable is that a charge of inadequate representation can prevail 'only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court.' [Citations omitted.]"

See also, Churder v. United States, 417 F.2d 633 (8th Cir. 1969), aff'g per curiam, 294 F.Supp. 207 (E.D.Mo.1968).

■ While Riley's testimony may have been essential to the government's case, it is difficult to believe that the additional material would have affected the jury. The petitioners' counsel had in his possession and used in cross-examination Riley's confession to the F. B.I., his first and second inconsistent statements to the psychiatrists, and his testimony at the first trial.

## II

At both trials, the petitioners moved to suppress evidence seized pursuant to a search warrant. The motion was made on two grounds: (1) that the places searched and the items seized were inadequately described in the affidavit and in the search warrant; and (2) that there were insufficient facts in the affidavit to constitute probable cause for the issuance of a search warrant. At both trials, the motion to suppress was denied. On direct appeal to this Court, the petitioners argued the first ground on the motion to suppress but abandoned the second ground. This Court affirmed the trial court's denial of the motion to suppress.

Now, in their § 2255 motion, the petitioners have raised their previously abandoned claim. While we might be justified in rejecting the claim on the grounds of intentional waiver, see, Sanders v. United States, 373 U.S. 1, 83 S. Ct. 1068, 10 L.Ed.2d 148 (1963), we choose to consider the merits of the claim.

■ The affidavit presented to the Commissioner is set out in full in Appendix I to this opinion. In our view, the facts therein fully meet the standard of probable cause set out in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); and Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

As we read the affidavit, it shows that a crime had been committed, that Riley was involved in the crime, and that Riley had an accomplice. It also shows more than a simple assertion of police suspicion that Hanger was an accomplice. A police officer had seen Hanger riding with Riley in the car which Riley admittedly used for the robbery, at a time between Riley's two trips to the bank, and while Riley was wearing a false moustache. Under a common sense reading of this affidavit, there was probable cause to believe that Hanger was involved in the robbery.

## III

■ The District Court denied the petitioners' § 2255 motion without holding an evidentiary hearing. The court stated:

"A review by this court of the lengthy files and records in these cases in which the defendants were given two trials does not disclose any reason for * * * having an evidentiary hearing, * * * *"

It is clear that an evidentiary hearing need not be held where there is no dispute as to the facts or where the allegations of fact can be fully investigated in the files and records of the case without the presence of the petitioner. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Churder v. United States, *supra;* Taylor v. United States, 282 F.2d 16 (8th Cir. 1960). See also, Sanders v. United States, *supra.*

The petitioners' § 2255 motion in the District Court alleged two claims: that trial counsel was inadequate, and that the affidavit did not constitute probable cause for a search warrant.

The claim of inadequacy of trial counsel could be determined from the files and records of the case without an evidentiary hearing. Churder v. United States, *supra*; Taylor v. United States, *supra*.

The petitioners' claim that the affidavit did not constitute probable cause for a search warrant similarly is a question which can be determined without an evidentiary hearing. The question turned not upon what the officers knew but only upon what was stated in the affidavit that was before the United States Commissioner. See Kaufman v. United States, 394 U.S. 217, n. 8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

The District Court's denial of the petitioners' § 2255 motion is affirmed.

### APPENDIX I

The facts given to establish the grounds for issuance of a search warrant were as follows:

"Affiant is informed by officers of the Chippewa Trust Company, the above described bank, that at approximately 4:50 P.M. on April 8, 1966, the teller, Mrs. Julie Chappel, was robbed of $1,-998.00 in currency by an individual she has identified as Marvin Edward Riley, and which said money included the particular currency described above. Affiant has seen a photograph of the robber taken by a concealed camera in said bank at the time of the robbery and the individual in the photograph at the time of the robbery was wearing a mustache and glasses. Riley has admitted to the affiant that he committed this robbery as above described on April 8, 1966, and at the time was wearing a false mustache and horn rimmed glasses. Riley further admitted that at the time of the robbery he owned a 1955 red over white Ford station wagon. Using this sta-tion wagon at approximately 12:30 P.M. on April 8, 1966, he went to the Chippewa Trust Company for the purpose of committing a robbery there but changed his mind after entering the bank premises, upon observing a bank employee closely watching him. Riley has also admitted to the affiant that at this time the 1955 Ford above described had on it a license plate stolen by him just prior to that time from an automobile parked on the parking lot of the Records Center in South St. Louis in the vicinity of 111 Winnebago. Affiant is informed by Sgt. Sheetz of the St. Louis Police Department that he is acquainted with Marvin Edward Riley and Harold Hanger and has known them for some years; that at 1:30 P.M. on said date he observed Marvin Edward Riley in a 1955 red over white Ford station wagon carrying Missouri license plate YG 2319 on U.S. Interstate Highway 70 proceeding in a westerly direction immediately north of the downtown business section of the City of St. Louis; and at that time Riley was driving said automobile and was wearing a mustache. Affiant further states that he was informed by said police officer that he definitely recognized Harold Hanger as being the other occupant of said automobile at that time and he has known Harold Hanger for a number of years. Said officer further states that he noted the above license plate number on said automobile at said time. Affiant further states that the owner of said automobile confirmed the above described license plate was stolen; has informed the St. Louis police that same apparently was stolen from his automobile at Wild Park in a parking lot at 111 Winnebago some time between the hours of 7:30 A.M. and 4:30 P.M. on April 8, 1966. Affiant observed the above described 1955 Ford automobile parked at 4255 Oregon Street, St. Louis, Missouri, on April 12, 1966, which automobile to his knowledge is owned by Riley and Riley has admitted to af-

fiant that said car was left there by him on April 8, 1966, immediately after said robbery. Affiant is informed by the teller of said bank that the person whom she has identified as Marvin Edward Riley presented to her a handwritten note demanding money and threatening her life unless same was delivered to him, and affiant is further informed by Riley that he is unable to read and write, and Riley has admitted to affiant that he himself did not prepare the note. Affiant knows of his own knowledge that Riley and Hanger are associates. Riley has admitted to affiant that he is acquainted with Hanger. Affiant knows that the above described premises are occupied by Harold Hanger and his immediate family."