Gale N. MIXEN and Harold Hanger,
Petitioners,

v.

UNITED STATES of America,
Respondent.

No. 71 C 714(1).

United States District Court,
E. D. Missouri, E. D.

Dec. 28, 1971.

Gale N. Mixen and Harold Hanger, petitioners, pro se.

Daniel Bartlett, Jr., U. S. Atty., John A. Newton, Asst. U. S. Atty., for respondent.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is pending on petitioners' second motion under 28 U.S.C. § 2255 to set aside their sentences of twenty years first imposed in 1966 after a jury trial, and imposed again in 1967 after a second jury trial, which was granted on the grounds of newly discovered evidence.

The grounds set out in their motion are as follows:

1. Refusal to allow inspection of Grand Jury testimony;

2. Refusal to allow inspection of a letter to the Court written by Marvin E. Riley, a co-defendant, allegedly soliciting probation;

3. Affidavit before Commissioner contained perjured facts and did not show probable cause;

4. Search warrant issued without probable cause and evidence should have been suppressed;

5. Court admitted evidence of other crimes not related to bank robbery;

6. Prosecutor's argument to jury was outside the record and prejudicial;

7. Court-appointed counsel expressed a personal opinion before jury as to the guilt of petitioners;

8. Court's instructions were erroneous since they instructed on aiding and abetting and conspiracy;

9. Ineffective assistance of counsel;

10. Court imposed twenty-year sentences on petitioners and only ten years on Riley, a co-defendant, who pled guilty and testified against them.

The petitioners have already raised grounds 1, 3, 4, and 5 in their original appeal and these grounds have been disposed of, 398 F.2d 91 (8th Cir. 1968). Ground No. 9 was raised in their first motion under 2255 and was disposed of,

308 F.Supp. 281 (E.D.Mo.1969), affirmed 428 F.2d 746 (8th Cir. 1970).

The Court will discuss the other grounds.

Ground No. 2, at the first trial (transcript pp. 188, 189) petitioners' counsel cross-examined Riley concerning a letter signed by Riley written to the Court by another inmate and in which he asked for probation. At the second trial, the counsel for petitioners did not ask for this letter, but for the F.B.I. reports (transcript pp. 133 through 138). Failure of the Government or the Court to again call this letter to the attention of petitioners' counsel or to require its production is not error.

Ground No. 6. The Government in closing arguments alluded to statements made by Riley to F.B.I. agent Bock, and to the psychiatrist, in which Riley had made first one statement not mentioning petitioners and later ones incriminating petitioners. Petitioners' counsel objected to the statement by Government counsel as to what the F.B.I. agent and the psychiatrist believed, because the F.B.I. agent had not taken the stand to testify. The psychiatrist had testified. This minor interlude, shown at page 389 of the transcript, is not error. Riley had testified concerning a statement he made to the F.B.I. agent, pages 148 through 158 of the transcript.

Ground No. 7. Transcript pages 386 and 387. Counsel for a co-defendant, Meyers, stated during closing argument that his client at best was guilty of conspiracy to rob a bank, but not bank robbery. Petitioners contend this is error since it violates Canon 15 of the American Bar Association, which prohibits counsel from expressing a personal opinion about the guilt or innocence of his client. A careful reading of this argument shows that counsel for Meyers based this opinion on the evidence which is not prohibited by Canon 15. Even if this were a violation of Canon 15, it is not grounds to provide petitioners any relief.

Ground No. 8. There is nothing inconsistent about charging the jury as to conspiracy and aiding and abetting.

Ground No. 10. Both sentences of twenty years to petitioners and ten years to a co-defendant who testified against them after pleading guilty, come within the range of penalties provided by statute. Different sentences for co-defendants are not unusual, nor are they error. It is noted that one defendant, Meyer, who stood trial also received a sentence of ten years.

In summary, all the errors complained of by petitioners are without merit. Their cause will be dismissed.