Gerald D. **PETERSON**, Petitioner,

v.

**UNITED STATES** of America,
Respondent.

No. 72–1264.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Oct. 5, 1972.

Douglas N. Merritt, Legal Aid Society, Kansas City, Mo., for petitioner.

Frederick O. Griffin, Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Kansas City, Mo., for appellee.

Before MATTHES, Chief Judge, LAY and HEANEY, Circuit Judges.

PER CURIAM.

On June 21, 1968, petitioner was sentenced to fifteen years on a bank robbery charge. This conviction was affirmed by this court. Peterson v. United States, 411 F.2d 1074 (8 Cir. 1969), cert. denied, 396 U.S. 920, 90 S.Ct. 247, 24 L.Ed.2d 199.[1] On July 7, 1970, petitioner filed a motion under 28 U.S.C. § 2255 to set aside his conviction averring six grounds of error. On August 7, 1970, the district court found four of those grounds had been previously adjudicated by this court on review. An evidentiary hearing was held. In an attempt to have the petitioner bring all grievances in one petition, the trial court allowed Peterson to file additional allegations. This occurred on February 25, 1971. Thereafter the trial court conducted a complete evidentiary hearing

---

1. Petitioner's sentence was to run concurrently with another felony conviction arising from the sale of narcotics. See Peterson v. United States, 405 F.2d 102 (8 Cir. 1968).

on the issues remaining.[2] Further delays were found to have been caused by petitioner's insistence and procedural byplay. Judge Oliver entered his final order denying relief on all grounds on April 4, 1972. Appointed counsel has given petitioner much time and attention. We commend him for the excellent brief on appeal.

██ The primary attacks on appeal relate to the issues of whether (1) the trial court in 1968 (Judge Oliver) erroneously considered prior void convictions; (2) whether one of the FBI agents testified falsely at trial;[3] and (3) whether Peterson was provided adequate and effective assistance by counsel. Judge Oliver found against the petitioner on all points. We have reviewed the record and find no merit to any of the grounds raised.

Judgment affirmed.[4]

2. We note that many of the issues raised were outside the scope of the post-conviction statute. We have observed many times that a collateral attack under Section 2255 is not a substitute for appeal. The trial court nevertheless desired to provide petitioner every opportunity to raise all his collateral attacks to avoid piecemeal litigation.

3. In his direct appeal from his conviction petitioner challenged the "perjured testimony of FBI Agent Fink" in his "Supplemental Brief." As Judge Oliver held this issue was reviewed and found to be without merit by this court. Section 2255 is not intended to provide a forum to relitigate the same issue previously decided.

4. We add this note to clarify a procedural question relating to an appeal in forma pauperis. Judge Oliver originally permitted petitioner to proceed in forma pauperis in district court. Before filing notice of appeal petitioner applied for permission to proceed in forma pauperis on appeal. Judge Oliver found that it was not necessary for petitioner to obtain further authorization because the district court had earlier allowed petitioner to proceed in forma pauperis. However, to avoid confusion Judge Oliver granted permission and certified that the appeal was in good faith. Rule 24(a), Fed.R. App.P., reads in parts:

"[A] party who has been permitted to proceed in an action in the district court in forma pauperis, or who has been permitted to proceed there as one who is financially unable to obtain an adequate defense in a criminal case, *may proceed on appeal in forma pauperis without further authorization* unless, before or after the notice of appeal is filed, the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed, in which event the district court shall state in writing the reasons for such certification or finding." (Emphasis ours.)

28 U.S.C. § 1915 states in part:

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

Thus, it is clear that a party may appeal in forma pauperis without making application for a certificate when he has already been permitted by the district court to proceed in forma pauperis. The only time a party is prevented from taking an appeal is when the trial court, *before or after the notice of appeal is filed*, certifies in writing that the appeal is not taken in good faith. When this occurs the petitioner may still seek a certificate from this court or the Supreme Court.