Gale MIXEN and Harold Hanger,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 72–1243.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Nov. 14, 1972.

———◆———

Gale N. Mixen, and Harold Hanger, pro se.

Daniel Bartlett, Jr., U. S. Atty., and J. Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH, District Judge.*

* Eastern District of Michigan, sitting by designation.

BRIGHT, Circuit Judge.

In this appeal from the determination of the district court denying petitioners Gale Mixen and Harold Hanger post-conviction relief under § 2255, we consider for the third time their attack upon a judgment of conviction for bank robbery and conspiracy entered in June of 1967. This court affirmed the conviction on petitioners' direct appeal, Hanger v. United States, 398 F.2d 91 (1968), cert. denied, 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124 (1969), (*Hanger I*), and denied them post-conviction relief under a prior § 2255 application, Hanger v. United States, 428 F.2d 746 (1970), cert. denied, sub nom. Mixen v. United States, 400 U.S. 1022, 91 S.Ct. 586, 27 L.Ed.2d 634 (1971), (*Hanger II*), aff'g, 308 F.Supp. 281 (E.D.Mo.1969). We find the present petition devoid of merit and affirm the district court's denial of relief.[1]

Here, the petitioners set out the following grounds for relief:

1) The district court's refusal to permit inspection of the grand jury minutes constituted prejudicial error.

2) The failure of the prosecutor to produce a letter written to the court by a codefendant, Marvin E. Riley, allegedly soliciting probation, was both a violation of the Jencks Act and an unlawful suppression of the evidence.

3) The affidavit by an FBI agent allegedly contained perjured facts and did not show probable cause for the issuance of a search warrant.

4) The prosecutor's closing argument, containing matters outside the record, served to prejudice appellants' rights to a fair trial.

5) The court-appointed counsel of a codefendant allegedly admitted the guilt of petitioners.

6) The court erred in giving an instruction on aiding and abetting.

7) The petitioners were denied effective assistance of counsel.

8) The court erred in imposing a twenty-year sentence on petitioners while codefendant Riley, who plead guilty and testified against petitioners, received only a ten-year sentence.

9) The court erred in denying petitioners an evidentiary hearing on their § 2255 motion.

■ We shall discuss each of the alleged errors briefly. The district court held that grounds 1, 3, and 7 had been previously raised and decided either in the direct appeal or in the previous § 2255 appeal. We agree, although we think petitioners' contention on ground 1 calls for some additional discussion here. We considered the issue of whether defense counsel had the right to inspect the grand jury minutes in both *Hanger I, supra,* 398 F.2d at 97–98 and *Hanger II, supra,* 428 F.2d at 747–748. However, petitioners now assert that we denied relief on the two prior appeals because we failed to note in the trial record that defense counsel had made a timely request for inspection of the minutes. We find no merit to this contention for, as we pointed out in *Hanger II, supra,* at 748, "[W]hile Riley's testimony may have been essential to the government's case, it is difficult to believe that the additional material would have affected the jury. The petitioners' counsel had in his possession and used in cross-examination Riley's confession to the F.B.I., his first and second inconsistent statements to the psychiatrists, and his testimony at the first trial." Thus it is clear, as we have held twice before, that the district court's refusal to permit inspection of the grand jury minutes under the circumstances of this case did not constitute prejudicial error.

■ Ground 2 relates to a letter which codefendant Riley wrote to the presiding judge (Judge Meredith), requesting leniency and probation. This letter was turned over to defense counsel and used for impeachment purposes at petitioners' first trial. The convictions obtained at that trial were later voided

---

1. The district court's opinion is reported at 338 F.Supp. 672 (E.D.Mo.1971).

on grounds of newly discovered evidence, and defense counsel failed to request the production of this letter during the second trial, which resulted in the convictions collaterally attacked here. Assuming arguendo that the Jencks Act (18 U.S.C. § 3500) mandated the letter's production at the second trial, the omission in the context of this case did not deprive appellants of a fair trial. Defense counsel knew of both the existence and the contents of the letter in question since defendants had access to the transcript of the first trial; yet no request was made for production of the letter. As to this issue, the district court concluded that failure of the government or the court again to call the letter to the attention of petitioners' counsel or to require its production did not constitute error. We agree.

■ As to claims 4 and 5, the district court determined that the arguments to the jury by the prosecutor and by the counsel for codefendant Meyer, taken in context, did not constitute prejudicial error. On review of the record, we agree.

■■ Petitioners were charged with bank robbery and conspiracy. In ground 6, petitioners allege that under these circumstances an instruction by the court on aiding and abetting was erroneous. They further allege that the conspiracy count merged with the substantive offense. The court did not err in giving an instruction on aiding and abetting even though the defendants were not specifically indicted on that count. United States v. Francisco, 410 F.2d 1283, 1289–1290 (8th Cir. 1969); *see* United States v. Fryer, 419 F.2d 1346, 1348 (8th Cir.), cert. denied, 397 U.S. 1055, 90 S.Ct. 1399, 25 L.Ed.2d 672

(1970); United States v. Bradley, 421 F.2d 924, 926–927 (6th Cir. 1970); nor does a conviction for a substantive offense merge a conspiracy charge into the substantive crime. Callanan v. United States, 364 U.S. 587, 593, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961); Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); United States v. Branan, 457 F.2d 1062, 1066 (6th Cir. 1972); United States v. Bradley, *supra*, 421 F.2d at 927.

■ In contention 8, petitioners assert that their sentences should be reduced since they received twenty and five year sentences, to run concurrently, while Riley, the alleged principal actor in the crime, received only a ten-year sentence upon a guilty plea. They contend that they suffered the additional punishment in retaliation for the exercise of their constitutional right to a trial by jury. The record shows a basis for the district court's distinction in evaluating the conduct of the various defendants since Mixen and Hanger instigated and promoted Riley's participation in the crime.

■ Finally, the trial court committed no error in denying appellants an evidentiary hearing. We observed in the previous § 2255 appeal that no evidentiary hearing is required where "there is no dispute as to the facts or where the allegations of fact can be fully investigated in the files and records of the case without the presence of the petitioner[s]." *Hanger II, supra,* 428 F.2d at 748. That observation applies equally well here.

■ In summary, these petitioners raise no issue of merit and the trial court appropriately rejected their claims.[2]

2. We note that several of the petitioners' claims need not have been considered by the district court since they might have been raised on direct appeal. See Peterson v. United States, 467 F.2d 892, 893

n. 2 (8th Cir. 1972); Cardarella v. United States, 351 F.2d 443, 446–447 (8th Cir. 1965). Nevertheless, the district court considered all of petitioners' contentions on the merits.