**Gerald D. PETERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 74–1815.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1975.

Decided Jan. 14, 1975.

Gerald D. Peterson, pro se.

Bert C. Hurn, U. S. Atty., Frederick O. Griffin, Jr., and Anthony P. Nugent, Jr., Asst. U. S. Attys., Kansas City, Mo., filed brief for appellee.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Gerald D. Peterson appeals the denial of his Motion to Disqualify the District Judge and the denial of his 28 U.S.C. § 2255 motion to vacate judgment and sentence by the District Court without an evidentiary hearing. This appeal is another in a series of applications for postconviction relief which have been de-

cided adversely to appellant on the merits.[1]

In this appeal Peterson complains about being questioned as to prior criminal convictions upon taking the stand in his own defense in a 1967 federal trial in which he readily admitted having three prior State of Missouri felony convictions. As to one of those convictions, which occurred in 1957, the Missouri Supreme Court has ordered that Peterson be allowed an out of time appeal because he was not represented by counsel on appeal. Now, Peterson argues that reference to that 1957 conviction for purposes of impeachment invalidated the federal conviction in 1967 which he is now seeking to vacate, although that prior state conviction is still on appeal pending submission to the Missouri Supreme Court.

■■■ Whatever action is finally taken on that state conviction should not at this date have any effect upon the conviction in the federal court. The 1957 state conviction was only referred to for impeachment purposes upon cross-examination of Peterson during his federal trial. That conviction was then and still is a valid outstanding conviction. And regardless of what happens in the future to that conviction, it would not appear to be an error of constitutional dimension to allude to that conviction upon cross-examination in 1967 when the conviction was still of record and unchallenged. It was not used to enhance punishment under an habitual criminal statute and was only referred to during trial in framing Peterson's current record. Even if it later develops that the conviction is set aside, the error in referring to it would appear to be harmless under the circumstances with two other felony convictions outstanding. However, in any event, Peterson has no cause for complaint at this time. The Missouri Supreme Court has not yet passed on his appeal and the judgment of conviction of the state trial court remains outstanding. He had counsel upon the trial of the 1957 state conviction.

■■ Peterson also complains that the District Judge failed to disqualify himself upon motion filed by Peterson, the basis being that the judge had imposed a lesser sentence upon a co-defendant, Derringer, and because the judge stated he would have imposed the same sentence upon Peterson regardless of the validity of any state conviction and regardless of the adverse matters contained in the presentence report. None of these factors alleged operates as a legal ground for disqualification of a district judge. The matter pertaining to the presentence report has previously been sustained in Peterson v. United States, 493 F.2d 478 (8th Cir. 1974), and the imposition of a more severe sentence upon Peterson than upon his co-defendant was sustained in Peterson v. United States, 432 F.2d 545 (8th Cir. 1970). We feel the ends of justice would not be served by reaching the merits anew in this proceeding. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

Affirmed.

1. Peterson v. Missouri, 355 F.Supp. 1371 (W.D.Mo.1973), aff'd, Nos. 73–1236, 73–1237, 73–1238 (8th Cir. September 14, 1973). *See also* Peterson v. United States, 493 F.2d 478 (8th Cir. 1974); Peterson v. United States, 467 F.2d 892 (8th Cir. 1972), cert. denied, 410 U.S. 933, 93 S.Ct. 1383, 35 L.Ed.2d 596 (1973).