Willie D. WREN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 73–2251.

United States Court of Appeals,
Fourth Circuit.

Submitted May 14, 1975.

Decided June 6, 1975.

**644**

Willie D. Wren pro se.

Thomas P. McNamara, U. S. Atty., E. D. N. C., Raleigh, N. C., for appellee.

Before BUTZNER, RUSSELL and FIELD, Circuit Judges.

PER CURIAM:

■ Petitioner, Willie D. Wren, was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a), and was sentenced to twenty years imprisonment. Wren subsequently filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, contending that in determining his sentence the district court took into consideration two allegedly invalid state convictions which appeared on his presentence report,[1] and seeking resentencing pursuant to *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). The district court denied the motion, and Wren appealed. His appeal was held in abeyance pending this court's decision in *Stepheney v. United States*, 516 F.2d 7 (4th Cir. 1975).

In Wren's case, the district court reviewed the record and found that the original sentence imposed was still "the appropriate sentence." It then went on to say:

"It must be remembered that when this Court determined Petitioner's original sentence, his prior criminal record was only one factor to be considered. Even if the two convictions in question are illegal as alleged, the pre-sentence report lists four additional convictions and two pend-

ing cases against the Petitioner. The pre-sentence report also found the Petitioner to be unstable and criminally oriented, and therefore a poor prospect for probation. Taking this into consideration along with the seriousness of the offense and the jury's verdict of guilty, this Court felt then and feels now that the twenty year sentence imposed was just."

The district court's finding falls short of the requirements of *Brown v. United States*, 483 F.2d 116 (4th Cir. 1973), which *Stepheney* reaffirms.

■ The question of the validity or invalidity of the prior convictions need not be reached unless the district court finds that the challenged convictions influenced the sentence it imposed. The district judge may decline to disturb the sentence if by actual recollection of his thoughts at the time of sentence or by reconstruction from the record "he can say with assurance that assumption of invalidity of the questioned prior convictions, if made at the time of sentencing, would not have resulted in a lighter sentence. . . ." *Stepheney v. United States, supra,* 516 F.2d at 9. In short, to terminate further inquiry, the district judge must be able to say either from recollection or reconstruction that had he known at the time of sentencing that the earlier convictions were invalid, he would have nevertheless imposed the same sentence. Because the district court did not view the proceedings in this light, its order denying Wren's motion to vacate the sentence is set aside, and this case is remanded to the district court for reconsideration.

---

1. In his appellant's statement, Wren appears to contest the validity of four additional convictions on his record. He also contends that two cases pending against him at the time of sentencing were improperly considered in deter-

mining his sentence, as they were subsequently summarily dismissed. Wren raises these claims for the first time on appeal, and thus we will not consider them at this time. They must first be presented to the district court.