Maurice **GREGORY**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Crim. No. 71–151–C.

United States District Court,
D. Massachusetts.

March 24, 1978.

OPINION

CAFFREY, Chief Judge.

Maurice Gregory has filed a petition under 28 U.S.C.A. § 2255. He alleges that the sentence imposed on him is constitutionally invalid because it was predicated on information furnished to the Court by the Probation Office through a presentence investigatory report "that reflected, at least in pertinent part, information relevent [sic] to the Petitioner's prior criminal record that was erroneous in a Constitutional sense." Petitioner also alleges that he was denied effective assistance of counsel because the Court disclosed to his counsel only the criminal record portion of the presentence report and that counsel was otherwise ignorant of the contents of the report. Finally, petitioner claims that the severe sentence imposed upon him, as compared to the sentences imposed upon his co-defendants, was cruel and unusual punishment in violation of the Eighth Amendment.

In a memorandum of law filed in support of the motion under Section 2255, petitioner claims that the Court at the time of sentencing made the observation: "I do not disclose the presentence report. I will show you the criminal record, which is very minor." Petitioner argues that he had no prior convictions and because the Court did not specifically say that it was not going to consider the "very minor criminal record", it must be "legally presumed" that the Court erroneously relied thereon.

At the outset, I rule on the basis of *Peterson v. United States*, 508 F.2d 1222, 1223 (8th Cir. 1975), that I am not compelled to disqualify myself in ruling on this motion simply because I imposed lesser sentences on petitioner's co-defendants. I also rule that petitioner's motion to vacate does not require an evidentiary hearing, because as explained *infra*, under the exacting standard of section 2255 the motion, files, and records of the case, as well as the actual recollection of the sentencing judge, conclusively show that the prisoner is entitled to

Maurice Gregory, pro se, petitioner.

Richard Glovsky, Asst. U. S. Atty., Boston, Mass., for respondent.

**128**

no relief. *Cf. Dukes v. United States,* 492 F.2d 1187, 1188 (9th Cir. 1974).

■ Sentence was imposed on defendant on December 28, 1971. At that time, the Court of Appeals for this Circuit had not handed down its opinion in *United States v. Picard,* 464 F.2d 215, 220 (1st Cir. 1972), a decision which operated only prospectively in requiring that the substance of a presentence report, to the extent it is relied upon by the Court, should be made known to the defendant. In addition, contrary to the argument in the defendant's memorandum of law, the Court did not in fact rely on any invalid conviction since the criminal record of petitioner contained no reference to any invalid convictions. The report, which this Court characterized as "very minor", consisted of the following:

| 11–9–69 | Worthless Check | Corp. Ct. Norfolk, Va. | N.G. |
| 11–24–70 | Stop sign | Haverhill | $20 pd. |
| 11–24–70 | A. & B. | Lowell | Cont. 1–14–71; dism. |
| 11–24–70 | Threats | Lowell | Cont. 1–14–71; dism. |

This Court, consistent with its practice in all criminal cases, gave no weight whatsoever to the Not Guilty verdict in Virginia; gave no weight whatsoever to the two cases in the Lowell District Court, both of which were dismissed; and followed its consistent policy of giving no weight to convictions for traffic violations.

The sentence imposed on Gregory in this case was in no way affected or influenced by what this Court characterized on the day of sentencing and characterizes today as "a very minor criminal record."[1] The nature of the sentence imposed on Gregory was imposed for the reasons stated on the record, namely, the fact that substantial evidence adduced at trial established him as being "the head and the brains of the largest and most sinister heroin ring I have seen or heard about in all the time I have been connected with this Court." *Cf. Dukes v. United States, supra.*

---

1. *See Wren v. United States,* 540 F.2d 643, 644 (4th Cir. 1975), *quoting Stepheney v. United States,* 516 F.2d 7, 9 (4th Cir. 1975) ("district judge may decline to disturb the sentence if by actual recollection of his thoughts at the time of sentence or by reconstruction from the rec-

Accordingly, the motion under 28 U.S.C.A. § 2255 is denied.

ord 'he can say with assurance that assumption of invalidity of the questioned prior convictions, if made at the time of sentencing, would not have resulted in a lighter sentence . . . .' "); *Dukes v. United States, supra.*