908 F.2d 968
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Brian SHROCK, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tina Marie LEDUC, Defendant-Appellant.
 Nos. 89-5133, 89-5140.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 8, 1989.
Decided July 11, 1990.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Malcolm J. Howard, District Judge. (CR-88-6).
 James Stockton Perry, Kinston, N.C., Edwin Chrisco Walker, Assistant Federal Public Defender, Raleigh, N.C., (argued), for appellants; William E. Martin, Federal Public Defender, Jill M. Wichlens, Assistant Federal Public Defender, Raleigh, N.C., on brief.
 Christine Witcover Dean, Assistant United States Attorney, Raleigh, N.C., (argued), for appellee; Margaret Person Currin, United States Attorney, Robert E. Skiver, Assistant United States Attorney, J. Douglas McCullough, Assistant United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before Donald RUSSELL and MURNAGHAN, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 The two appellants have appealed from the sentences imposed on them under the Sentencing Guidelines. Tina Marie LeDuc argues that she should not have been ordered to pay the costs of her confinement in light of the fact that the sentencing judge reduced the fine imposed on her below the statutory minimum. Douglas Bryan Shrock maintains that the sentencing judge improperly relied on a quantity of cocaine larger than the amount stipulated in the plea agreement. Rejecting the appellants' arguments, we affirm.
 
 
 2
 On October 18, 1988, LeDuc and Shrock were named in a seven-count indictment returned by a federal grand jury in the Eastern District of North Carolina. They were charged with conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and interstate travel in aid of racketeering. LeDuc submitted a financial affidavit in support of her application for court-appointed counsel. Based on that affidavit, the magistrate ordered the Office of the Federal Public Defender to represent her.
 
 
 3
 On January 20, 1989, LeDuc and Shrock pleaded guilty to the conspiracy charges pursuant to plea agreements. In Shrock's case, the government promised in the plea agreement to recommend that the quantity of cocaine applicable to Shrock was 3.5 ounces, i.e., less than 100 grams.
 
 
 4
 The probation office prepared presentence reports for both LeDuc and Shrock. In LeDuc's case, the report included an investigation into her educational background, employment skills, and financial situation. It concluded that LeDuc did not possess the immediate ability to pay a fine. In Shrock's case, the presentence report stated that the base offense level should be based on 164.5 grams of cocaine, but noted that the U.S. Attorney had agreed to the position that the applicable quantity of cocaine should be deemed less than 100 grams.
 
 
 5
 On May 8, 1989, both LeDuc and Shrock were sentenced. The district court found that, under the Sentencing Guidelines, LeDuc's offense level was fourteen and that her criminal history fell into Category I. She was sentenced to a term of imprisonment of fifteen months and three years supervised release. The court also ordered that LeDuc remit the costs of her confinement. Even though the applicable fine range under the Guidelines was $4,000 to $40,000, the court imposed a fine of only $1,000. The court also ordered that there be no interest on the fine or the costs of incarceration and that LeDuc not be assessed the costs of her supervised release. LeDuc did not object at sentencing to either the imposition of the $1,000 fine or the order to pay her costs of confinement.
 
 
 6
 Shrock had submitted an objection to the presentence report claiming that he did not participate in the sale of 57.8 grams of cocaine as the report stated, which, if applied to his sentencing, would result in a higher base offense level. At the sentencing hearing, the court asked the prosecutor about the presentence report's allegations of a sale of 57.8 grams of cocaine. The prosecutor replied that the plea agreement was factually incorrect when it promised Shrock that the prosecution would assert that only an amount of 3.5 ounces (98 grams) of cocaine was involved. The prosecutor stated, "I had forgotten that there was another transaction." The prosecution then asserted that the probation officer's report was correct and that evidence could be introduced to sustain it. The prosecution introduced evidence at the hearing to prove the contested sale.
 
 
 7
 The court made a finding that Shrock participated in sales of over 100 grams of cocaine. Shrock's lawyer objected to the use of that quantity arguing that the prosecution had abrogated the plea agreement. The court then granted defense counsel a recess so that he could confer with his client to discuss the possibility of withdrawing his plea. After the recess, Shrock decided not to withdraw his plea. Shrock was then sentenced, based on a quantity in excess of 100 grams of cocaine, to a twenty-seven month term of imprisonment with five years supervised release. He was also ordered to pay the costs of his confinement and a $3,500 fine was imposed.
 
 
 8
 LeDuc asks us to rule that the district court erred in ordering her to pay the costs of her confinement when imposing only a $1,000 fine. The minimum fine for LeDuc's conduct is $4,000, the maximum is $40,000. LeDuc asserts that since the court only imposed a $1,000 fine, there was an implied finding that she was unable to pay, which the court did not apply when it ordered her to pay the costs of confinement, which will be approximately $18,000. Because of the supposed illogic, LeDuc seeks a remand for resentencing.
 
 
 9
 The government first responds by pointing out that LeDuc did not preserve the issue for appeal because she did not object at the sentencing hearing to the costs of confinement order. Second, the government contends that the sentencing judge was not bound by the Guidelines to make proportionate reductions in both the fine and the repayment of costs of confinement. In other words, the government argues that it was within the court's discretion not to reduce the costs of confinement regardless of whether or not it reduced the fine.
 
 
 10
 LeDuc did waive her right to appeal the issue because she failed to object to the district court's sentence at the sentencing hearing. Sentencing errors cannot be raised for the first time on appeal. Wren v. United States, 540 F.2d 643, 644 n. 1 (4th Cir.1975) (per curiam). The adoption of the Sentencing Guidelines has not changed the basic requirement that one must preserve issues for review by presenting them to the district court. See United States v. Taylor, 868 F.2d 125, 127 (5th Cir.1989). When no objection is made at the sentencing hearing, such a failure results in a waiver. United States v. Holguin, 868 F.2d 201, 205 (7th Cir.), cert. denied, 110 S.Ct. 97 (1989). Additionally, the alleged miscalculation of the costs of confinement, if error at all, does not appear to be "plain error." See Fed.R.Crim.P. 52(b).
 
 
 11
 Even if LeDuc had preserved the issue for appeal, it was well within the discretion of the sentencing judge to reduce the fine imposed without also reducing the amount of the costs of confinement to be repaid. Section 5E4.2 of the Sentencing Guidelines, in pertinent part, provides as follows (emphasis added):
 
 
 12
 (f) If the defendant establishes that [ ] he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required ..., the court may impose a lesser fine or waive the fine....
 
 
 13
 .............................................................
 
 
 14
 ...................
 
 
 15
 * * *
 
 
 16
 (i) Notwithstanding of the provisions of subsection (c) of this section [regarding the imposition of fines], but subject to the provisions of subsection (f) herein, the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered.
 
 
 17
 Thus, the plain language of the statute provides that the "not able to pay" reduction is completely discretionary with the judge. By incorporating the "not able to pay" provision, subsection (i) also references the discretionary element. Further, subsection (i) indicates that imposition of the costs of confinement be considered separately from imposition of the fine.
 
 
 18
 There simply is no language in the Guidelines to convert the "may" into a "shall" for purposes of mandating the reduction of confinement costs after a fine has been reduced. And the district judge's actions were not illogical. The district court indicated that it was relieving LeDuc of some of the costs after it considered the total amount that she would be required to pay.
 
 
 19
 Turning to Shrock, we must decide whether the district court erred in applying for sentencing purposes the amount of drugs that was actually involved rather than the amount erroneously stipulated by the prosecutor in the plea agreement. It is of some significance that Shrock was afforded a chance to withdraw his guilty plea. He did not accept the offer.
 
 
 20
 Shrock appears to argue that the district court was bound by the factual stipulation in the plea agreement. The argument is wrong. The Sentencing Guidelines provide that while a plea agreement may be accompanied by a written stipulation of facts, "[t]he court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing." Sentencing Guidelines, Sec. 6B1.4(d) (Policy Statement). Shrock has cited United States v. Parker, 874 F.2d 174 (3d Cir.1989), apparently for the proposition that facts agreed to between the defendant and the prosecution should not be disputed. But the case only stands for the proposition that, given a stipulation, no additional evidence is required. Id. at 178. Here the prosecutor did not depart from the plea agreement. The mistake as to quantity came to the sentencing judge's attention from the presentence report.
 
 
 21
 Shrock argues that the district court should not have allowed the government to introduce evidence of the other drug sale, because without notice of the government's intentions, he was immediately forced to put on evidence to rebut the government's evidence. But the "lack of notice" argument seems weak when it is considered that the probation office's presentence report stated that the other cocaine sale had occurred and that Shrock filed an objection to the report denying the other cocaine sale.
 
 
 22
 Even if the government's proffer of evidence in response to the court's inquiry had been a breach of the plea agreement, the court offered an appropriate remedy by offering Shrock an opportunity to withdraw his guilty plea. See Santobello v. New York, 404 U.S. 257, 262-63 (1971); United States v. Hammerman, 528 F.2d 326, 332 (4th Cir.1975); Fed.R.Crim.P. 32(d) ("If a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.").
 
 The judgments of the district court are
 
 23
 AFFIRMED.