968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Wenley MCCLAREN, Defendant-Appellant.
 No. 90-5401.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 8, 1992
Decided: July 27, 1992
 
 Argued: Denise Benvenga, Assistant Federal Public Defender, Federal Public Defender's Office, Baltimore, Maryland, for Appellant.
 Thomas Oliver Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 On Brief: Fred Warren Bennett, Federal Public Defender, Federal Public Defender's Office, Baltimore, Maryland, for Appellant.
 William A. Kolibash, United States Attorney, Wheeling, West Virginia, for Appellee.
 Before RUSSELL and LUTTIG, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Wenley McClaren was charged in a seventeen count indictment with one count of conspiracy to possess with intent to distribute and to distribute crack cocaine, in violation of 21 U.S.C. § 846; fifteen counts of distribution of crack cocaine within one thousand feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 845a(a); and one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). He was convicted by a jury on all counts. The district court sentenced McClaren to 350 months in prison on each count, each to run concurrently, plus a term of supervised release, a fine, and a special assessment. McClaren appeals his conviction and sentence on four grounds: (1) that fatal variances existed between counts two, three, four, five, seven, nine, twelve, thirteen, and seventeen of the indictment and the proof at trial; (2) that the United States failed to prove venue in the Northern District of West Virginia for counts six, eight, ten, and sixteen of the indictment; (3) that the district court improperly commented to the jury about the evidence presented at trial; and (4) that the district court erred in calculating the quantity of drugs to be used in determining the base offense level.
 
 
 2
 We have considered the briefs and the arguments of the parties, and we affirm the conviction and sentence. The defendant's assignments of error are without merit. With regard to the fourth assignment of error, the defendant argues that the district court adopted clearly erroneous factual findings from the presentence report and failed to use a conversion table to convert the dollar amount of drugs into the quantity of drugs. The defendant, however, made no objection to the presentence report. In addition, the defendant asked his attorney not to comment on the presentence report. Because the defendant failed to object to his sentence calculation at the district court level, he has waived appellate review of his sentence. United States v. Daiagi, 892 F.2d 31, 34 (4th Cir. 1989); Wren v. United States, 540 F.2d 643, 644 fn.1 (4th Cir. 1975). See also United States v. Tibesar, 894 F.2d 317, 319 (8th Cir.), cert. denied, 111 S.Ct. 79 (1990). Moreover, the district court's sentence calculation was not plain error. Furthermore, even if the issue were properly preserved, the district court's findings were not clearly erroneous. The district court is not required to use a conversion table to determine the amount of drugs involved, but, as in this case, may make that determination from the evidence presented at trial and from the information contained in the presentence report.
 
 AFFIRMED