981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Dariel Joseph COKELEY, Defendant-Appellant.
 No. 91-5452.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 2, 1992
Decided: December 15, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge.
 Argued: George Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 Robert Daniel Potter, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 On Brief: Margaret Person Currin, United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before RUSSELL and HAMILTON, Circuit Judges, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Dariel Joseph Cokeley pled guilty to three counts of breaking and entering a post office in violation of 18 U.S.C.s 2115 (1988). He appeals his sentence on the grounds that the district court erred in (1) refusing to group the three break-ins pursuant to United States Sentencing Commission, Guidelines Manual, § 3D1.2(b) and (c); and (2) applying the version of U.S.S.G. § 5G1.3 in effect on the date he was sentenced, instead of the version in effect at the time he committed the offenses. We affirm.
 
 
 2
 Three times during a three-week period in the fall of 1990, Cokeley broke into the Calabash, North Carolina, Post Office.[1] During this same time period, on October 15, 1990, Cokeley also broke into the Little River, South Carolina, Post Office.
 
 
 3
 On March 22, 1991, Cokeley pled guilty to breaking and entering the Little River Post Office and received a sentence of 13 months' imprisonment. On July 22, 1991, Cokeley pled guilty to three counts of breaking and entering the Calabash Post Office. In his plea agreement, Cokeley waived all rights to appeal his sentence except for the grouping determination pursuant to U.S.S.G. § 3D1.2(b) and a possible upward departure from the guideline range. Prior to accepting his plea, the district court specifically questioned Cokeley about whether he understood that he was waiving all rights to appeal other than the U.S.S.G. § 3D1.2(b) grouping determination and a possible upward departure from the sentencing guidelines. Cokeley responded, "Yes, sir." Further, Cokeley did not argue at his sentencing hearing that the three break-ins should be grouped under U.S.S.G.s 3D1.2(c) nor did he object to the district court's application of the 1991 version of U.S.S.G. § 5G1.3. Cokeley received a sentence of 51 months' imprisonment for the Calabash break-ins, with that sentence to run concurrently with the previously imposed sentence of 13 months' imprisonment for the Little River break-in.
 
 
 4
 Cokeley first contends that the three break-ins of the Calabash Post Office should have been grouped together under U.S.S.G. § 3D1.2(b).[2] That section provides that counts involving "the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan" should be grouped together in a single group. Id. The district court judge disagreed, reasoning that the break-ins were more analogous to breaking into a dwelling than stealing from an unoccupied place:
 
 
 5
 And the danger to human life would be just as great if [Cokeley] broke into [the Calabash] post office ..., [and] one of the postal employees happened to be in there working late at night, as if they were in their own home. And just because it's the same building, I certainly don't think that he ought to be given any credit for it. So my ruling is that the grouping should not apply.
 
 
 6
 The district court obviously assessed the individual risks which were associated with the separate break-ins.
 
 
 7
 Whether separate counts should be grouped under U.S.S.G. § 3D1.2(b) is a heavily fact-specific determination. For example, two counts of robbery of the same victim on different occasions are not grouped together. U.S.S.G. § 3D1.2, comment. (n.4). In contrast, one count of auto theft and one count of altering the stolen car's vehicle identification number are grouped. Id., example 3. In this case, the circumstances (three break-ins of the same post office on different occasions) are similar to the guideline example of multiple robberies of the same victim. As in the robbery illustration here, there were multiple, separate risks of harm involved in the three post office break-ins, not one composite harm. Accordingly, the district court did not err in refusing to group these three counts.
 
 
 8
 Next, Cokeley argues that the district court erred by refusing to group the three break-ins under U.S.S.G. § 3D1.2(c) and in failing to use the 1989 version of the U.S.S.G. § 5G1.3. At sentencing, Cokeley did not contend that the counts should be grouped under U.S.S.G. § 3D1.2(c), nor did he object to the trial court's application of the 1991 version of U.S.S.G. § 5G1.3. Further, he knowingly and intelligently waived his rights to appeal these issues.
 
 
 9
 As for these two remaining grounds of appeal, we may only review the record for plain error because Cokeley waived his appellate rights on these issues. First, sentencing errors cannot be raised for the first time on appeal. Wren v. United States, 540 F.2d 643, 644 n.1 (4th Cir. 1975). The adoption of the Sentencing Guidelines does not change the general requirement that one must preserve issues for appeal by objecting to them at the trial level. See United States v. Taylor, 868 F.2d 125, 127 (5th Cir. 1989). A failure to properly and timely object constitutes a waiver. United States v. Davis, 954 F.2d 182, 186-87 (4th Cir. 1992). Only incorrect guidelines applications which amount to plain error may be reviewed on appeal. Fed.R.Crim.P. 52(b). Because Cokeley made no objections at sentencing, he waived appellate review. Finding that the district court did not commit plain error in applying the sentencing guidelines, we affirm. Second, Cokeley knowingly and intelligently waived all grounds for appeal except for the application of U.S.S.G. § 3D1.2(b) and an upward departure from the guideline range. Since the district court did not depart from the guideline range, the only properly appealed issue is the grouping determination under U.S.S.G. § 3D1.2(b), which has been discussed above. Appellate review of issues knowingly and intelligently waived "eliminate[s] the chief virtues of the plea system-speed, economy, and finality." United States v. Wiggins, 905 F.2d 51, 54 (4th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 71 (1977). Accordingly, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 The break-ins occurred on September 29, October 14, and October 19. Cokeley broke into the post office on September 29 by prying open a door with a crowbar. On October 19, Cokeley broke in by prying the panelling off the wall with a crowbar. The record fails to reveal how Cokeley broke into the post office on October 14
 
 
 [2]
 As noted, Cokeley specifically reserved his right to appeal this determination. As will be later discussed, he did not reserve his right to appeal an alleged error under U.S.S.G. § 3D1.2(c)